CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
10/19/2026
LAURA A. AUSTIN, CLERK
BY: s/ ARLENE LITTLE
DEPUTY CLERK

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

ALISHA CARROLL,

*Plaintiff*,

v.

CAMPBELL COUNTY DEPARTMENT OF SOCIAL SERVICES, ET AL.,

*Defendants*.

CASE NO. 6:26-CV-00127

**MEMORANDUM OPINION & ORDER**

JUDGE NORMAN K. MOON

*Pro se* plaintiff Alisha Carroll filed a complaint without paying the $405 filing fee. *See* Dkt. 1. Instead, she filed a motion for leave to proceed *in forma pauperis* ("IFP"), *see* Dkt. 2, which the Court will grant. Because Carroll filed her complaint IFP, the Court must screen her complaint and dismiss it *sua sponte* if she fails to state a claim. *See* 28 U.S.C. §§ 1915(e)(2)(B)(i)–(iii); *Erline Co. S.A. v. Johnson*, 440 F.3d 648, 656 (4th Cir. 2006). The standard is the same as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Minter v. Clarke*, 2022 WL 4537904, at *3 (E.D. Va. Sep. 12, 2022). Because Carroll fails that standard, her complaint will be dismissed.

## DISCUSSION

As an initial matter, this Court lacks jurisdiction over any state court judgments regarding custody of Carroll's child. Carroll alleges in her complaint that the Virginia Juvenile and Domestic Relations District Court ("J&DR") unlawfully "award[ed] custody" of her child, J.C., to his father, Jeffrey Carter, for which Carroll seeks an "Emergency Preliminary Injunction / Temporary Restraining Order" declaring "the J&DR custody order VOID AB INITIO" and "ordering Defendants to immediately restore physical and legal custody of J.C. to Alisha Carroll." Dkt. 1 at

15, ¶ 64. But "no federal court other than the Supreme Court has jurisdiction to review a state court judgment," *Palotai v. Univ. of Maryland*, 38 F. App'x 946, 953 (4th Cir. 2002), and Carroll's claims seeking custody of her child plainly seek "review and rejection" of the state court custody orders described in her complaint. *Cf. Exxon Mobile Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). This the Court cannot do.

The Court's lack of jurisdiction mandates dismissal of Counts I and V. Although these counts raise claims under the Federal Constitution, each stems from state courts' custody determinations regarding J.C., and this Court is prohibited from hearing constitutional claims "inextricably intertwined with the state court's denial in a judicial proceeding" of state court claims. *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 n.16 (1983). Here, Count I alleges that "CPS and Law Enforcement" unlawfully "continu[ed] to detain the child after the [Lynchburg] Circuit Court dismissed the CPS petition on June 22, 2026." Dkt. 1 ¶ 70. But Carroll's complaint acknowledges that "Campbell County [also] claimed jurisdiction" over Carroll's custody issues and had "given Jeffrey Carter and his sister foster-care custody of" J.C. separate and apart from the "abuse and neglect" proceedings in Lynchburg Circuit Court. *See id.* ¶¶ 39, 52. Thus, to the extent that Count I seeks appellate review of the various state court proceedings that have resulted in state authorities "detain[ing]" her child, Carroll's Count I is "inextricably intertwined with the state court's denial in a judicial proceeding" of her custody claims. The same reasoning applies to Count V, which alleges due process violations against unnamed defendants for "conducting an *ex parte* custody hearing on September 15, 2026, without notice" and for "continuing to withhold custody [of J.C.] following the June 22, 2026 Circuit Court dismissal of the CPS case." **Counts I and V** must therefore be **DISMISSED**.

In addition, state sovereign immunity forecloses Carroll's claims for money damages

against several defendants. Sourced from the Eleventh Amendment, this "immunity applies to state agencies that may be properly characterized as 'arm[s] of the State', as well as to state employees acting in their official capacity." *Bonds v. Virginia*, 2021 WL 2827301, at *3 (W.D. Va. July 7, 2021), *aff'd*, 2021 WL 6067259 (4th Cir. Dec. 20, 2021) (quoting *Harter v. Vernon*, 202 F.3d 334, 337 (4th Cir. 1996)). In Virginia, social services departments are arms of the state entitled to sovereign immunity. *See, e.g., Warden v. Pulaski Cnty. Dep't Soc. Servs.*, 2026 WL 252462, at *2–3 (collecting cases). So are sheriff's offices, *see Vollette v. Watson*, 937 F. Supp. 2d 706, 714 (E.D. Va. 2013), and school boards, *see Roach v. Botetourt Cnty. School Bd.*, 757 F. Supp. 2d 591, 594 (W.D. Va. 2010). Accordingly, they and their employees are entitled to sovereign immunity for claims asserted against them and their employees in their official capacities for money damages. *See King v. Youngkin*, 122 F.4th 539, 543 (4th Cir. 2024). **Counts IV, VIII, IX, XII, XIII, and XIV** will therefore be **DISMISSED** as to the Campbell County Department of Social Services, Lynchburg Department of Social Services, Campbell County Sheriff's Office, Bedford County Sheriff's Office, Yellow Branch Elementary School, and Campbell County Public Schools, as well as to Ola Anaebonam, Tiffany Baker, Mary Rice, Sarah Fiquette, and Stuart Herndon in their official capacities.[1]

Carroll's remaining counts fail to state a claim. Count II alleges that "[c]onditioning judicial review and appellate access on a mandatory $1,000 cash payment imposed an arbitrary financial barrier on Plaintiff's exercise of fundamental due process rights." Dkt. 1 at 11. Although Count II does not specify which defendant or defendants it is brought against, elsewhere in the complaint Carroll describes a "J&DR judge" who "sentenced Plaintiff to ten (10) days in jail" and

[1] Because the Bedford County Sheriff's Office is the only defendant named in Count IX, Count IX must be and is dismissed in its entirety.

required Carroll "to pay $1,000 cash-only to the J&DR clerk" in order to appeal. Dkt. 1 ¶ 47. No J&DR judges are defendants in this case, but even if they were, "judges are absolutely immune from civil liability for any actions performed by them in their judicial capacity." *Steinpreis v.* Shook, 377 F.2d 282, 283 (4th Cir. 1967). Moreover, Virginia law provides a mechanism by which an indigent litigant may file an appeal without posting an appellate bond. *See* Va. Code § 16.1-107. State courts are competent to address alleged Eighth Amendment (and other constitutional) violations, and Carroll should have appealed the bond determination to a higher state court.[2] Out of respect for the state court's dignity, this Court will not sit as appellate court over state bond decisions. Because Carroll cannot state a claim against any of the defendants in this case and because this Court will not provide appellate review of a state court's decision, **Count II** is **DISMISSED**.

Other of Carroll's claims assert rights that she does not have. Count IV alleges that Officer Stuart Herndon of the Campbell County Sheriff's Office violated Carroll's Fourteenth Amendment rights "by arbitrarily refusing to accept or investigate complaints of domestic violence and child abuse against Jeffrey Carter." Dkt. 1 ¶ 76. Similarly, Count VII alleges that Officer Herndon, along with the Lynchburg Police Department, violated Carroll's Fourteenth Amendment rights "by recklessly abandoning the criminal investigation into the sexual molestation of" her child, Dkt. 1 ¶ 82. Count XII further alleges that the Lynchburg Police Department violated the same rights "by conducting a constitutionally inadequate investigation, rubber-stamping unverified CPS claims, [and] dropping criminal abuse investigations without basis," *id.* ¶ 92. But Carroll "has no

---

[2] "To restrain a state proceeding that afforded an adequate vehicle for vindicating the federal plaintiff's constitutional rights 'would entail an unseemly failure to give effect to the principle that state courts have the solemn responsibility equally with the federal courts' to safeguard constitutional rights and would 'reflec(t) negatively upon the state court's ability'" to do so. *Trainor v. Hernandez*, 431 U.S. 434, 443 (1977) (quoting *Steffel v. Thompson*, 415 U.S. 452, 460-461 (1974)).

constitutional right to have a particular incident investigated" or to compel a prosecution. *Rivera v. Dickenson*, 2015 WL 5565273, at *4 (W.D. Va. Sep. 21, 2015) (citing *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973)). Therefore, **Counts IV, VII and XII** fail to state a claim, and must be **DISMISSED**.[3]

Count VI alleges that Central Virginia Child Advocacy Center and Bedford Remote CASA Center, "acting under color of state law, violated Plaintiff Alisha Carroll's Fourteenth Amendment Substantive Due Process Rights" by "fail[ing] to follow standard, trauma-informed forensic interview protocols" when interviewing Carroll's child.[4] Dkt. 1 ¶ 80. Even if this were a valid constitutional claim, which is not likely, Carroll has not adequately pled that either defendant acted "under color of state law." Both the Central Virginia Child Advocacy Center and Bedford Remote CASA Center are private organizations, and "acting under color of state law" requires conduct that is "fairly attributable to the state." *DeBauche v. Trani*, 191 F.3d 499, 506 (4th Cir. 1999); *see also Davis v. City of Charlottesville Dep't of Soc. Servs.*, 2019 WL 4889740, at *2 (W.D. Va. Oct. 3, 2019) (dismissing complaint "devoid of sufficient allegations to establish that CASA, a private organization, acted under color of state law"). Here, Carroll pleads no facts establishing that either organization acted under color of state law, relying solely on the conclusory assertion that they did so. Conclusory assertions are not sufficient to state a claim, and **Count VI** is therefore **DISMISSED.**

---

[3] The Fourth Amendment claim in Count XII is separately dismissed for failing to state a claim, *see infra* pp. 7–8.

[4] It is also unclear when Plaintiff is asserting claims on behalf of herself or on behalf of her son. While Plaintiff can initiate suit on behalf of her minor child, she does not have individual standing to recover for injuries to her son. *See Shepherd v. Wellman*, 313 F.3d 963, 970-71 (6th Cir. 2002) (explaining that "parents cannot appear pro se on behalf of their minor children because a minor's personal cause of action is her own and does not belong to her parent or representative" and affirming dismissal of minor's 42 U.S.C. § 1983 claim). Any claims stemming from injuries to her son belong to him and him alone.

Count VIII alleges that the Campbell County Department of Social Services and its employees Ola Anaebonam and Tiffany Baker violated Carroll's Fourth Amendment right to be free from unreasonable search and seizure on two occasions. *See* Dkt. 1 ¶ 84. The first was at Carroll's residence when Baker "observed Plaintiff while she provided a urine sample." *Id.* The second was at the Campbell County courthouse, when Anaebonam "instructed Plaintiff to remove her clothing to a state of undress and then withheld the collection cup, preventing Plaintiff from providing the demanded sample." *Id.* As discussed *supra*, the Campbell County Department of Social Services is immune from suit, as are Anaebonam and Baker in their official capacities. In their personal capacities, Anaebonam and Baker are entitled to qualified immunity if they are not alleged to have violated a clearly established right. *See Milla v. Brown*, 109 F.4th 222, 232–33 (4th Cir. 2024). A government official violates a clearly established right when, "at the time of the challenged conduct, the contours of the right are sufficiently clear such that every reasonable official would understand that what [s]he is doing violates that right." *Ellinger v. Napier*, 2023 WL 2873393, at *4 (W.D. Va. Apr. 10, 2023). In other words, for Anaebonam and Baker to be liable, the legal question must be "beyond debate." *Ashcroft v. al-Kidd*, 563 U.S. 731, 741 (2011)).

It is not "beyond debate" that Anaebonam or Baker violated Carroll's Fourth Amendment rights by requiring her to provide a urine sample for drug testing or by observing her while she provides the sample. Although the Fourth Circuit does not appear to have addressed the issue, other circuit courts have held that "direct observation" of a urine test does not violate the Fourth Amendment when the claimant had a diminished expectation of privacy. *See Smart v. Intensive Supervision Program*, 651 F. App'x 136, 139 (3d Cir. 2016); *Norris v. Premier Integrity Solutions, Inc.*, 641 F.3d 695, 700 (6th Cir. 2011). Carroll had a diminished expectation of privacy because, like the plaintiffs in *Smart* and *Norris*, Carroll consented to drug testing. *Compare* Dkt. 1 ¶¶ 27,

35 (averring that Carroll agreed to provide urine samples for drug testing, and even that Anaebonam did not allow Carroll to complete drug testing that Carroll wished to undergo) *with Norris*, 641 F.3d at 700–701 ("Norris had a significantly reduced expectation of privacy because he . . . had agreed that he would undergo drug testing") *and Smart*, 651 F. App'x at 138 ("Smart agreed to random testing for drugs and alcohol as a condition of participating in the voluntary [program]; his broad consent also diminished his expectation of privacy."). Given this case law, and where Carroll consented to drug testing, Anaebonam and Baker's direct observation of that testing (or attempts at that testing) did not violate any clearly established right, and they are entitled to qualified immunity. *See Shabazz v. Virginia Dep't of Corr.*, 2005 WL 1026555, at *3 (W.D. Va. May 2, 2005) (a court may dismiss a claim under 1915(e) when a defendant's immunity clearly appears from the face of the complaint). Accordingly, **Count VIII** must also be **DISMISSED**.

Count X alleges that a "Campbell County magistrate" and "the Campbell County Juvenile and Domestic Relations District Court" both imposed excessive bail on Carroll in violation of her Eighth Amendment rights. Dkt. 1 ¶ 88. As with Count II, neither the magistrate nor the court are named as defendants in this case, and none of the defendants who are named in this case may be liable for constitutional torts attendant to setting Carroll's bail when none of the defendants in this case set Carroll's bail. *See, e.g., Carter v. Fayette Cnty. Sheriff's Dept.*, 2025 WL 2697484, at *8 (S.D. W. Va. Sep. 22, 2025) (collecting cases). But as previously discussed, even if Carroll had named these judicial officers as defendants, she would still fail to state a claim because judges have absolute immunity from civil liability for actions performed in their judicial capacity. *See, e.g.,* Steinpreis, 377 F.2d at 283. **Count X** is accordingly **DISMISSED**.

Count XI alleges First Amendment retaliation claims against Mary Rice, an "independent counselor hired by Campbell County CPS." Dkt. 1 ¶¶ 14, 90. Carroll alleges that Rice, "acting

under color of state law, retaliated against Plaintiff for exercising her First Amendment Rights" when, "[a]fter Plaintiff voiced frustration over the arbitrary cancellation of her visitation with her child—speech petitioning the government for redress of grievances—Defendant Rice terminated her counseling role with Plaintiff, resulting in a complete denial of parental contact without judicial authorization." *Id.* ¶ 90. Given Rice's status as an "independent counselor," Carroll has not adequately pled that Rice was acting under color of state law when she terminated the counseling relationship. *See id.* ¶ 14. Even if Rice was a state actor, though, Carroll fails to adequately plead that Rice terminated the relationship *because* Carroll "petition[ed] the government for redress of grievances," relying only on the conclusory statement that "[t]he adverse action was causally connected to Plaintiff's protected speech." Dkt. 1 at ¶ 90. Causation is an element of a First Amendment retaliation claim, and plaintiffs must plead sufficient facts "to satisfy the elements of a cause of action." *McCleary-Evans v. Maryland Dep't of Transp.*, 780 F.3d 582, 584–85 (4th Cir. 2015). Having failed to do so, Carroll cannot plead First Amendment retaliation. Accordingly, **Count XI** is **DISMISSED**.

Count XII alleges that the Lynchburg City Police Department violated the Fourth Amendment by "assisting in the illegal detention of the minor child without probable cause or active court orders." Dkt. 1 ¶ 92.[5] As part of a municipality, the Lynchburg City Police Department is not entitled to the sovereign immunity of the state. But its liability is nonetheless "cabined to situations where the municipality's own custom, policy, or practice caused" the constitutional violation. *Andrews v. Baltimore City Police Dep't*, 2026 WL 2872021, at *10 (4th Cir. Sep. 24, 2026) (quotation omitted). Such a situation may arise in four ways:

---

[5] Count XII was also brought against the Campbell County Sheriff's Office, which has been dismissed as a defendant pursuant to sovereign immunity. *See infra*, p. 3. Count XII also contained a Fourteenth Amendment claim which was dismissed alongside duplicative claims in Counts IV and VII for failing to state a claim. *See infra,* p. 4.

> (1) through an express policy, such as a written ordinance or regulation; (2) through the decisions of a person with final policymaking authority; (3) through an omission, such as a failure to properly train officers, that manifests deliberate indifference to the rights of citizens, or (4) through a practice that is so persistent and widespread as to constitute a custom or usage with the force of law.

*Lytle v. Doyle*, 326 F.3d 463, 471 (4th Cir. 2003) (citation modified). Carroll does not plead that any of these scenarios caused the alleged Fourth Amendment violation. *See* Dkt. 1 ¶ 92. Instead, she pleads that the police department violated her son's rights in specific, isolated incidents, which are not enough for the Court to infer a pattern or practice "so persistent and widespread as to constitute a custom or usage with the force of law." *Lytle,* 326 F.3d at 471. Because Carroll fails to plead municipal liability, **Count XII** must be and is **DISMISSED**.

Count XIV alleges a sprawling conspiracy to violate Carroll's rights. But to plead a conspiracy under §1983, Carroll must plausibly allege deprivation of a constitutional right. *See Hinkle v. City of Clarksburg*, 81 F.3d 416, 421 (4th Cir. 1996) (plaintiff must plead that "some overt act was done in furtherance of the conspiracy which resulted in [the plaintiff's] deprivation of a constitutional right"); *Shooting Point, LLC v. Cumming*, 243 F. Supp. 2d 536, 537 (E.D. Va. 2003) ("The gist of the cause of action is the deprivation and not the conspiracy."). Here, Carroll alleges that the father of her child, his family, his attorney, social services workers in the public and private sectors, and law enforcement "conspired to suppress criminal child abuse investigations, bypass protective orders, and deprive Alisha Carroll of equal protection and her fundamental liberty interest in parenting her child." Dkt. 1 ¶ 96. Standing alone, Carroll's conspiracy claim fails to plead facts sufficient to plausibly allege deprivation of a constitutional right. And as discussed *supra*, none of the other counts in her complaint plausibly allege deprivation of a constitutional right either. Thus, because Carroll fails to plead any underlying

constitutional violation, she fails to plead a conspiracy under Section 1983. **Count XIV** is accordingly **DISMISSED**.

Finally, because the Court has dismissed all of Carroll's federal causes of action, the Court declines to exercise supplemental jurisdiction over her state law claims in **Counts III and XV**. *See* 28 U.S.C. § 1367(c)(3); *Hinson v. Norwest Fin. S.C., Inc.*, 239 F.3d 611, 617 (4th Cir. 2001).

## CONCLUSION

For the foregoing reasons, Carroll's motion to proceed *in forma* pauperis, Dkt. 2, is **GRANTED** and her complaint, Dkt. 1, is **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e).

The Clerk shall close this case and mail a copy of this Order to Carroll at her last known address.

It is **SO ORDERED**.

Entered this 19th day of October, 2026.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE